IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 90-3820

———————————

FIRST NATIONAL BANK OF LOUISVILLE,

                              Plaintiff-Appellee,
                              Cross-Appellant,

                    versus

LORETTA LUSTIG, et al.,

                              Defendants,

and

AETNA CASUALTY & SURETY CO. and
FEDERAL INSURANCE CO.,

                              Defendants-Appellants,
                              Cross-Appellees.

———————————

Appeals from the United States District Court
for the Eastern District of Louisiana

———————————

ON PETITION FOR REHEARING

(June 29, 1992)

(Opinion May 18, 1992, 5 Cir., 1992, _____ F.2d_____ )

Before REAVLEY, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:

The petition for rehearing is denied.  We write briefly here, however, to clarify our opinion on two of the issues the Sureties raise in their petition.

First, the Sureties ask that we decide whether they are entitled to additional discovery of FNBL loan files on remand. We believe that the need for particular discovery in light of our opinion is best decided by the district court in the first instance. We express no opinion on whether the Sureties are entitled to additional discovery on remand.

Second, the Sureties ask for a clarification of the causation standard for a covered loss in light of our rejection of their "oil patch" defense. We do not intend to suggest that the bank can establish liability without proving loss proximately caused by employee fraud as defined by the bond. Nor do we relieve the bank of any duty to mitigate damages it may have under Kentucky law. We decline to announce other intervening causes of loss that might be sufficient to defeat proximate causation. We hold only that the decline in the value of collateral as described by the "oil patch" defense would not break a chain of causation which the jury might otherwise find.

In all other respects, the petition for rehearing is DENIED.